# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **MARIA ANDRADE-CHAVEZ and ARTURO DELGADO,** | ] <br> ] <br> ] |
| **Plaintiffs,** | ] <br> ] |
| vs. | ] Case No: <br> ] |
| **EXPRESS COURIER INTERNATIONAL, INC.,** | ] <br> ] <br> ] |
| **Defendant.** | ] |

## COMPLAINT

Come now the Plaintiffs, Maria Andrade-Chavez and Arturo Delgado, and for cause of action state as follows:

## NATURE OF SUIT

1. This action is brought under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (hereinafter the "Fair Labor Standards Act" or "FLSA").

2. The Fair Labor Standards Act was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of its employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and a one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944)(discussing the requirements of 29 U.S.C. § 207 (a)).

## JURISDICTION and VENUE

3. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331 (federal question).

4. Venue is proper in this court pursuant to 28 U.S.C. § 1391 because Defendant operates in this district, Plaintiffs worked in this district for Defendant, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

5. Plaintiffs, Maria Andrade-Chavez and Arturo Delgado (collectively "Plaintiffs") are former employees of Express Courier International, Inc. ("Defendant").

6. Plaintiffs were employees within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1).

7. The Defendant, Express Courier International, Inc., is an employer within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

8. Defendant comprise an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act 29 U.S.C. § 203(e)(1).

9. Defendant operates a courier service providing same day logistics, courier and warehousing solutions in 10 states throughout the southeastern United States and seven locations in the state of Tennessee.

10. The Plaintiffs were engaged in interstate commerce, the production of goods for interstate commerce, or an activity which is closely related and directly essential to the production of such goods in each workweek of their employ with Defendant.

## FACTUAL ALLEGATIONS

11. Plaintiffs were employed by Defendant within the previous two years.

12. Plaintiffs worked at Defendant's Nashville location throughout their tenure with Defendant.

13. The job duties of Plaintiffs consisted of making deliveries of various packages to a number of different customers each day.

14. Plaintiffs performed job duties integral to the Defendant's business of a courier service.

15. Plaintiffs performed work specifically directed to them by the Defendant and in the manner Defendant directed them to do so.

16. The pay rates and hours of Plaintiffs were set by the Defendant.

17. Plaintiffs received paychecks weekly for their work.

18. Plaintiffs were required to work a standard work week of at least forty-five (45) hours per week.

19. Plaintiffs scheduled work day began at 8:00 a.m. and had no defined end time, Monday through Friday.

20. Plaintiffs would arrive at Defendant's warehouse each day at 8:00 a.m.

21. At the warehouse, Defendant would provide Plaintiffs with a list of deliveries for that day.

22. Plaintiffs would then load the corresponding packages into the vehicles for delivery.

23. Plaintiffs would make deliveries each day until completing their lists often between 5:30 p.m. and 6:00 p.m.

24. Defendant would not permit Plaintiffs to vary the order of the deliveries.

25. Defendant would not permit Plaintiffs to refuse to deliver to certain addresses or customers.

26. Defendant required Plaintiffs to wear a blue shirt with the name Express Courier, khaki colored pants, and an identification badge with the employee's picture, the company's name and logo.

27. Defendant required Plaintiffs to use a company-issued scanner for each customer to sign at the time of delivery.

28. Defendant would not permit Plaintiffs to hire an assistant.

29. Defendant would not permit Plaintiffs to work for a different company.

30. Following the completion of each day's deliveries, Defendant required Plaintiffs to return to the warehouse to submit the signed invoices from each customer that day.

31. Defendant would not permit Plaintiffs to submit the signed invoices the following morning.

32. The hours worked by the Plaintiffs were the same for almost every week they were employed.

33. The exact records of hours worked are in the possession of the Defendant.

34. Plaintiffs were not paid at the proper overtime rate of one and one-half (1.5) times their standard hourly rate for all hours worked in excess of forty (40) hours in a standard work week.

35. Plaintiffs were paid the same rate for every hour over forty (40) as they were paid for each hour up to forty (40).

36. Throughout their employment with Defendant, Plaintiffs did not supervise any other employees.

37. Throughout their employment with Defendant, Plaintiffs did not have the authority to hire other employees.

38. Throughout their employment with Defendant, Plaintiffs did not have the authority to terminate the employment of other employees.

39. Throughout their employment with Defendant, Plaintiffs did not have the authority to delegate any of their duties to other employees.

40. Throughout their employment with Defendant, Plaintiffs did not have the authority to handle any employee grievances or complaints.

41. Throughout their employment with Defendant, Plaintiffs did not have the authority to interpret, implement, or enforce company policies.

42. Throughout their employment with Defendant, Plaintiffs reported to work every day at their assigned location and did not perform work outside the confines of this location.

43. Throughout their employment with Defendant, Plaintiffs did not make more than $100,000.00 annually.

44. Throughout their employment with Defendant, Plaintiffs did not have the right to control the conduct of their work.

45. Throughout their employment with Defendant, Plaintiffs did not control the location of where the work was performed.

46. Throughout their employment with Defendant, Plaintiffs' assignments and the manner in which to complete the assignments were dictated by Defendant.

47. Throughout their employment with Defendant, Plaintiffs did not have discretion as to what tasks to perform or the hours worked that particular day to complete those tasks.

48. Throughout their employment with Defendant, Plaintiffs did not advertise their services through any other means and relied completely on Defendant for work assignments.

49. Throughout their employment with Defendant, all necessary equipment required for Plaintiffs to perform their work was provided by Defendant.

50. Throughout their employment with Defendant, Plaintiffs were not free to offer their services to other entities.

51. Throughout their employment with Defendant, Plaintiffs were "non-exempt" employees under the Fair Labor Standards Act.

52. Plaintiffs' job duties did not fit under any exception to the overtime pay provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

53. Defendant willfully failed to comply with the maximum hour provisions of the Fair Labor Standards Act 29 U.S.C. § 207, by failing to pay Plaintiffs one and one-half (1.5) times their standard hourly rate for all hours worked in excess of forty (40) hours.

54. Defendant knows the FLSA is applicable to their employment practices yet still failed to pay proper overtime wages to their employees.

55. Accordingly, Defendant's pattern or practice of failing to pay these employees in accordance with the FLSA was and is in willful violation of the FLSA.

56. Moreover, Defendant did not act in good faith or have reasonable grounds for believing the FLSA was not applicable.

### CAUSE OF ACTION
### COUNT I- VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 207

57. Plaintiffs re-allege and incorporate by reference the facts set forth above in Paragraphs 1-56.

58. Defendant violated 29 U.S.C. § 207(a) by failing to pay Plaintiffs one and one-half times their regular hourly rate for all hours worked in excess of 40 hours during a workweek throughout the last three years.

59. Plaintiffs have been damaged by Defendant's violations of the Fair Labor Standards Act.

60. Defendant's violations of the Fair Labor Standards Act were repeated, willful and intentional.

61. In the alternative, Defendant's violations were "reckless" in that Defendant uniformly failed to pay the proper overtime rate without performing due diligence or taking the necessary steps to ensure compliance with the FLSA.

62. Pursuant to 29 U.S.C. §207(a) and §216(b), Defendant are liable to Plaintiffs for the full amount of unpaid overtime compensation complained of herein and an additional equal amount in liquidated damages, plus reasonable attorney's fees and costs incurred in preparing and pursuing this action.

**WHEREFORE**, Plaintiffs request this court enter judgment in favor of the Plaintiffs and against Defendant for:

(1) all amounts of overtime wages Plaintiffs should have received under the Fair Labor Standards Act but for Defendant's violations, plus an equal amount in liquidated damages; and

(2) all reasonable costs and attorney's fee pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) incurred in preparing and pursuing this action;

(3) any such other legal relief as may be appropriate or to which they may be entitled under federal or state law.

Respectfully Submitted,

**THE EMPLOYMENT & CONSUMER LAW GROUP,**

**/s/ RYAN SIMMONS**
**JONATHAN A. STREET, BPR No. 021712**
**RYAN SIMMONS, BPR No. 031456**
525 4th Avenue South
Nashville, TN 37210
(615) 353-0930

*Attorneys for Plaintiffs*